UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS ALEXANDER ZAMORA MOLINA, | CASE NO. C26-1078-KKE |
| Petitioner(s), | ORDER DENYING HABEAS PETITION |
| v. | |
| WARDEN, NORTHWEST ICE PROCESSING CENTER, | |
| Respondent(s). | |

Petitioner has been in immigration detention since January 2026 and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in March 2026. Dkt. No. 1. Petitioner was ordered removed on March 3, 2026, and the Government[1] notified him of an intent to remove him to Mexico on March 11, 2026. Dkt. No. 9 ¶ 14.

Because Petitioner is subject to a final order of removal and 8 U.S.C. § 1231(a)(2) authorizes mandatory detention, the Court will deny his habeas petition.

## I.    BACKGROUND

Petitioner is a citizen of Ecuador who entered the United States via Mexico in March 2024 without being admitted or paroled. Dkt. No. 9 ¶¶ 3–4. He was taken into custody by United States Border Patrol and placed in expedited removal proceedings. *Id.* ¶ 4. He was referred for a credible

---

[1] This order refers to Interested Non-Party United States of America as "the Government." *See* Dkt. No. 7 at 1 n.1.

ORDER DENYING HABEAS PETITION - 1

fear interview, and a United States Citizenship and Immigration Services officer determined that he had a credible fear of removal to Ecuador. *Id.* ¶¶ 5–6.

Petitioner was then served with a notice to appear charging him as removable under the Immigration and Nationality Act ("INA"). Dkt. No. 8-2. Petitioner was released from custody and enrolled in an Alternatives to Detention ("ATD") program in March 2024. Dkt. No. 9 ¶¶ 6–7. Petitioner applied for asylum and withholding of removal in August 2024. *Id.* ¶ 8.

Citing ATD violations, Petitioner was detained in January 2026 when he appeared for an appointment at the Seattle ATD office. Dkt. No. 8-1 at 3. On March 3, 2026, an immigration judge denied Petitioner's asylum application and ordered him removed, but granted his request for withholding of removal to Ecuador. Dkt. No. 9 ¶ 13. Both parties waived appeal. *Id.* On March 11, 2026, Petitioner was notified of the Government's intent to remove him to Mexico. *Id.* ¶ 14. Petitioner filed his habeas petition in this Court on March 30, 2026. Dkt. No. 1. On April 2, 2026, Petitioner's counsel applied for a stay of deportation or removal, which was denied. *See* Dkt. No. 11 at 13.

The habeas petition is now ripe for the Court's consideration, and the Court will deny it for the following reasons.

## II.    DISCUSSION

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

ORDER DENYING HABEAS PETITION - 2

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id*. § 1231(a)(6). However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699.

Here, Petitioner's removal order became final on March 3, 2026. Dkt. No. 7 at 7. Petitioner therefore remains subject to mandatory detention pursuant to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(2)(A), which will not end until June 1, 2026. A noncitizen "cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed" since the noncitizen's removal order became final. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004). Because Petitioner has not been detained for 90 days since his removal order became final, he has no colorable claim for release under the Due Process Clause.

The petition and traverse also allege that Petitioner experiences pain due to a projectile lodged in his chest, and notes that his detention prevents him from seeking care from specialists, as well as harms the well-being of his eight-month-old son. Dkt. No. 1 at 3, Dkt. No. 11. The Court is certainly sympathetic to Petitioner's situation, but does not find that he has shown that his conditions of confinement are so severely deficient that they have become punitive. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Government has submitted evidence suggesting that

Petitioner has been able to access medical care while detained (Dkt. No. 10), and Petitioner's traverse does not rebut this evidence.

Because Petitioner articulates no other basis for the relief he requests,[2] and because the Court has explained why it finds that he has not shown that he "is in custody in violation of the Constitution or laws or treaties of the United States" (28 U.S.C. § 2241), the Court will deny the petition.

**III.    CONCLUSION**

Petitioner's habeas petition is DENIED.  Dkt. No. 1.

Dated this 12th day of May, 2026.

Kymberly K. Evanson
United States District Judge

---

[2] To the extent that Petitioner intends to reopen his removal proceedings (Dkt. No. 11 at 7), and may seek to challenge removal to Mexico, this order does not preclude him from taking those actions.

ORDER DENYING HABEAS PETITION - 4